1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10 | JUSTIN GIBSON,                                    Case No. 1:15-cv-00485-SKO (PC)

11 |              Plaintiff,                          ORDER DISMISSING COMPLAINT, WITH
                                                      LEAVE TO AMEND, FOR FAILURE TO
12 |       v.                                         STATE A CLAIM UNDER SECTION 1983

13 | DR. CHUA, et al.,                                (Doc. 1)

14 |              Defendants.                         THIRTY-DAY DEADLINE
       _____/

15

16 |                              **Screening Order**

17 | **I.     Screening Requirement and Standard**

18 |        Plaintiff Justin Gibson ("Plaintiff"), a state prisoner proceeding pro se and in forma

19 | pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2015.[1]  The

20 | Court is required to screen complaints brought by prisoners seeking relief against a governmental

21 | entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must

22 | dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

23 | or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

24 | relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2).

25 | "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26

27

28 | [1] Plaintiff was incarcerated at the Stanislaus County Jail in Modesto, California when he filed suit.  It is unclear if he was a pretrial detainee or a convicted prisoner at the time of the events at issue.

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937
7  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and
8  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572
9  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual
10 allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

11      Under section 1983, Plaintiff must demonstrate that each defendant personally participated
12 in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This
13 requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*,
14 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners
15 proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and
16 to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)
17 (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the
18 plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

19 **II.     Discussion**

20      **A.      Summary of Plaintiff's Allegations**

21      Plaintiff, who is currently incarcerated at San Quentin State Prison, brings this action for
22 damages against Dr. Chua, the head mental health doctor, and Classification Officer Wight for
23 violating his rights while he was at the Stanislaus County Jail.  Plaintiff alleges that on March 13,
24 2015, Defendants placed him on the second floor of the jail in Unit F, which mainly houses
25 mentally ill inmates.  Plaintiff alleges that these inmates are housed separately due to their violent
26 tendencies, and that housing them with non-mentally ill inmates endangers the non-mentally ill
27 inmates.  At dinner release, inmate John Doe ran into Plaintiff's cell, slammed the door, and
28 attacked him with a weapon, resulting in lacerations to his head and face.  Plaintiff alleges that he

was able to fend off the inmate without assistance from custody staff, but housing him in the same cell or on the same floor with mentally ill inmates was a violation of state and county policy and a violation of his right to personal safety.

### B.     Failure-to-Protect Claim

#### 1.     Legal Standard

Pretrial detainees are protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010).   While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).   Thus, whether Plaintiff was a pretrial detainee in March 2015 or a convicted prisoner, the applicable standard is the same.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).   While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

1   while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks

2   omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

3   were deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer*, 511

4   U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554

5   F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Hearns v. Terhune*, 413 F.3d 1036,

6   1040 (9th Cir. 2005); *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

7   1998).

8           **2.      Findings**

9             **a.      Objective Element**

10          To state a claim under section 1983, Plaintiff must first demonstrate the existence of a

11   substantially serious risk of harm to his safety.  "A prison official's duty under the Eighth

12   Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison

13   officials' unenviable task of keeping dangerous men in safe custody under humane conditions."

14   *Farmer*, 511 U.S. at 844-45 (internal quotation marks and citations omitted).  While mentally ill

15   inmates may present a danger to other inmates, the same is also true for non-mentally ill inmates.

16   Moreover, Plaintiff's premise that mentally ill inmates somehow present an unacceptable risk of

17   harm to non-mentally ill inmates due to their violent tendencies while not presenting the same risk

18   to other mentally ill inmates is illogical.  To satisfy the objective element of an Eighth

19   Amendment claim, more is needed than a mere allegation that Plaintiff should not have been

20   housed on the floor that mainly houses mentally ill inmates.

21            **b.      Subjective Element**

22          Plaintiff also fails to link Defendant Chua and Defendant Wight to actions or omissions

23   that suggest they possessed the requisite subjective intent.  Defendants may be held liable only if

24   they knew Plaintiff faced a substantial risk of harm and disregarded that risk by failing to take

25   reasonable measures to abate it.  *Farmer*, 511 U.S. at 837-45.  Mere negligence on the part of the

26   Defendants is not sufficient to establish liability; rather, their conduct must have been wanton.

27   *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.  Plaintiff's conclusory allegation that

28   Defendants housed him in Unit F in violation of policy does not suffice to support a claim that

they were responsible for his housing assignment and that in making that assignment, they knew he faced a substantially serious risk of harm at the hands of inmates housed there but nonetheless disregarded the risk.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).   Plaintiff is advised that liability may not be imposed under a theory of *respondeat superior*; some causal connection between the conduct of each named defendant and the violation at issue must exist.  *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).   Finally, Plaintiff is cautioned that an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

///

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state any claims under section 1983.

IT IS SO ORDERED.

Dated:    **December 29, 2015**                              **/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE