# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GIBSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHUA, et al.,<br><br>                    Defendants. | Case No.  1:15-cv-00485-SKO (PC)<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Doc. 7)** |

Plaintiff, Justin Gibson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2015.[1] Plaintiff consented to United States Magistrate Judge jurisdiction for all purposes in this action.  (Doc. 4.)  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity pursuant to 28 U.S.C. § 1915A(a).

On December 30, 2015, an order issued dismissing the Complaint with leave to amend for failure to state a cognizable claim under 42 U.S.C. § 1983.  (Doc. 7.)  The order was served on Plaintiff the same date and gave him thirty days to file a first amended complaint, noting that his failure to do so would result in an order dismissing the action with prejudice for failure to state a claim.  (*Id.*)  Four months have now passed since the order issued and Plaintiff has failed to file an amended complaint or to respond in any way to the December 30, 2015 order.

---

[1] Plaintiff was incarcerated at the Stanislaus County Jail in Modesto, California when he filed suit.  It is unclear if he was a pretrial detainee or a convicted prisoner at the time of the events at issue.

Local Rule 110 provides that "failure of counsel, or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a Court's warning to a party that his failure to obey the court's order will result in

1  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at
2  1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order which dismissed
3  the Complaint expressly stated that Plaintiff's failure to file an amended complaint within thirty
4  days of the date of service would result in an order dismissing the action.  (Doc. 7.)  Thus,
5  Plaintiff had adequate warning that dismissal would result from his noncompliance with the
6  Court's order.

7  Accordingly, it is HEREBY ORDERED that this action is DISMISSED based on
8  Plaintiff's failure to obey the Court's order of December 30, 2015, and for Plaintiff's failure to
9  state a cognizable claim under 42 U.S.C. §983.  The Clerk's Office is directed to close this case
10  and to enter judgment in favor of Defendants and against Plaintiff.

12  IT IS SO ORDERED.

13  Dated:  **May 5, 2016**                              **/s/ Sheila K. Oberto**
14                                                              UNITED STATES MAGISTRATE JUDGE